**Reversed and Remanded and Memorandum Opinion filed December 2, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00800-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**JOSE LUIS DAVILA, Appellee**

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 2240243**

## MEMORANDUM OPINION

The State brings this appeal from the trial court's November 17, 2020 order quashing an information charging appellee Jose Luis Davila with the offense of harassment in violation of Texas Penal Code § 42.07. Appellee separately contends this court lacks jurisdiction to decide this appeal. Concluding in light of this court's precedent that appellant's jurisdictional challenge lacks merit, and finding no basis for the information to be quashed, we reverse and remand.

## BACKGROUND

On December 30, 2018, appellee was charged by information with the offense of harassment. The information was supported by a complaint signed by an affiant and an assistant district attorney, and which further identified an M. Salinas, a peace officer employed with the Harris County Sheriff's Office, as the affiant. According to the complaint, Salinas spoke to the complainant (who was identified by her first and last name in the complaint), and she stated that beginning on November 17, 2018 and going through December 30, 2018, the complainant received fourteen voicemails from the appellee in which he yelled at the complainant, cursed at the complainant, demanded oral sex from the complainant, and threatened to make her lose her job. The complainant also told Salinas she felt embarrassed, harassed, frightened, and offended by the fourteen voicemails. Salinas listened to the voicemails himself and found the voicemails harassing and offensive and described them consistently with the complainant's own description. Salinas also noted that he showed the complainant a photograph of the appellee, and the complainant positively identified the appellee as the same person whose voice was on the fourteen voicemails.

On August 6, 2020, the appellant filed a motion to quash and set aside his information. Although the motion contended the information "does not meet the basic essential requirements provided by Texas statute, the Texas Constitution, or the U.S. Constitution," it did not detail what defects the information ostensibly had. The trial court held a hearing on the motion on September 23, 2020. That hearing included testimony from Robin Richardson, an executive administrative assistant in the Criminal Law Division for the Harris County District Attorney's Office, evincing that she typed the complaint using information and documents provided by an assistant district attorney. Brigida Pirra, an assistant district

attorney with the Harris County District Attorney's Office, also testified during the hearing that she was the assistant district attorney who signed the complaint, and although she could not identify the person who signed the complaint as the affiant, that person would have to have been presented to her in order for her to sign the complaint herself. Moreover, Pirra testified that whenever an affiant swears to a complaint in front of her, they say words to the effect that they "swear that everything in th[e] complaint is true and correct as . . . typed." Appellee also sought to obtain testimony from Miguel Salinas (who was implied to be the peace officer who signed the complaint), but ultimately was not able to present testimony from Miguel Salinas in association with failures to perfect service of a subpoena on him. On November 17, 2020, the trial court issued a Court Directive Order quashing the information against appellee, though the order did not detail the basis of the trial court's decision. This appeal followed.

## ANALYSIS

Before turning to the merits of the appeal, this court must address a jurisdictional challenge raised by the appellee. The notice of appeal was filed by an assistant district attorney of the Harris County District Attorney's Office. Appellee contends that because, as the Harris County District Attorney is ostensibly not statutorily authorized to represent the State in appeals from county criminal courts at law, the notice of appeal does not constitute a notice of appeal filed by the State, and thus fails to confer jurisdiction on this court to adjudicate the State's appeal here.

This court has addressed this argument in *State v. Yakushkin*, 625 S.W.3d 552 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). Evaluating the same statutory and constitutional provisions as the appellee has advanced in his brief, we concluded that the Harris County District Attorney could properly invoke appellate

courts' jurisdiction for appeals on the State's behalf with a timely notice of appeal from a county criminal court at law's decision. *Id.* at 559. This panel is bound by the *Yakushkin* decision, and we accordingly reject appellee's argument for essentially the same reasons elaborated on in *Yakushkin*. *See id.* at 556–59.

Turning to the merits of the trial court's decision on appellee's motion to quash the information, we review the trial court's decision for abuse of discretion. *Thompson v. State*, 44 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A trial court abuses its discretion when it acts without reference to guiding rules and principles or when it acts arbitrarily or unreasonably. *Id.*

As appellee's briefing with this court and the trial court has never detailed what ostensibly is deficient about either the information or the accompanying complaint that would justify quashing the information, it is difficult to determine what the district court perceived that sparked its order. As near as can be determined, based on the lines of questioning raised by appellee's counsel during the September 23, 2020 hearing, the core of appellee's challenge is that there was ostensibly something irregular about how the information and complaint were drafted and signed. But although we must view the evidence from the hearing in the light most favorable to the information's quashing due to the lack of oral or written fact findings by the trial court, *see State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011), we discern no support in the evidence for the trial court's ruling. The testimony elicited demonstrated that M. Salinas provided a written, signed, and sworn statement (one transcribed by Richardson) to Assistant District Attorney Pirra, and that statement was filed with the information. This procedure complied with Texas Code of Criminal Procedure article 21.22, which requires an information to be supported by "affidavit . . . made by some credible person charging the defendant with an offense," which "may be sworn to before the

4

district . . . attorney who, for that purposes, shall have power to administer the oath." *See also* Tex. Code Crim. Proc. Ann. art. 2.06 (noting that for purposes of making complaints to accompany informations, "district . . . attorneys are authorized to administer oaths"). As the testimony at the September 23, 2020 hearing indicated that the information and complaint complied with Texas law, and as there is nothing on the face of the information or the complaint that appears to justify quashing the information, we conclude the trial court abused its discretion by quashing a compliant information.

## CONCLUSION

We reverse the trial court's order quashing appellee Jose Luis Davila's information charging him with harassment, and we remand the case for further proceedings consistent with this opinion.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).